IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
NORTHERN

RECEIVED
2007 JUN 15 P 3:58
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RUBY CARR, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: 2:07cv532-MHT |
| ALABAMA DEPARTMENT OF YOUTH SERVICES, | ) |
| Defendant. | ) DEMAND FOR JURY TRIAL |

## COMPLAINT

### Jurisdiction and Venue

(1) This is a suit for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., 42 U.S.C. § 1981, and the Equal Pay Act, 29 U.S.C. § 206(d).

(2) The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4) and 28 U.S.C. § 2201 and 2202.

(3) The unlawful employment practices and acts of retaliation about which plaintiff complains were committed within the State of Alabama.

### Parties

(4) The plaintiff, RUBY H. CARR, is over 19 years of age and is an African-American female resident of the State of Alabama.

(5) Defendant, ALABAMA DEPARTMENT OF YOUTH SERVICES (ADYS), is a department of the State of Alabama.

1

## Administrative Remedies

(6) The plaintiff filed a Charge of Discrimination for Retaliation (No. 420 2007 01091) with the Equal Employment Opportunity Commission on December 8, 2006, within 180 days of the acts of retaliation of which she complains (See Exhibit A).

(7) The plaintiff received a Notice of Right to Sue from the EEOC on or about March 21, 2007, which Notice was dated March 20, 2007, (See Exhibit B).

(8) All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I

## RETALIATION
### Title VII

(9) The plaintiff, Ms. Carr, began her employment with ADYS on June 7, 1999.

(10) Ms. Carr worked as an administrator for ADYS performing several administrative duties, including but not limited to, maintaining property inventory reports, federal program purchasing, expenditures and material receipts for seven (7) accounts, typing assignments, and preparing and filing paperwork, and among other duties created a telephone directory and brochure for DYS School district.

(11) In March 2005, Ms. Carr filed a charge of race discrimination (No. 130 2005 01900) against the Defendant with the Equal Employment Opportunity Commission.

(12) Her supervisor was Tracy Smitherman.

(13) In October 2005, Ms. Carr and the Defendant reached an agreement regarding the March 2005 EEOC charge.

(14) After October 2005, the Defendant kept the Plaintiff under the same supervisor, Tracy

Smitherman.

(15)  Ms. Smitherman began to retaliate against the Plaintiff by treating her different than the other employees.

(16)  Ms. Smitherman did not provide certain office equipment to the Plaintiff that she provided to other employees.

(17)  Ms. Smitherman disciplined the Plaintiff more harshly than other employees.

(18)  Ms. Carr complained to Ms. Smitherman regarding the inappropriate and retaliatory treatment of Ms. Carr.

(19)  Ms. Smitherman intensified her retaliatory conduct.

(20)  On March 20, 2006, the Plaintiff received a satisfactory review. No negative comments were made by her supervisor with regard to this review.

(21)  In March 2006, days after her review, the Plaintiff's tires on her vehicle were deliberately cut in such a way that the Plaintiff could have been caused bodily harm and the tire could not be repaired, but had to be replaced.

(22)  On April 7, 2006, Ms. Carr filed a formal letter of grievance to her supervisor, Smitherman which described some of the retaliation she was experiencing.

(23)  Between April 7, 2006 and May 5, 2006, Supervisor Smitherman intensified her retaliation against Ms. Carr by treating her differently than other employees and by making complaints about her work performance to Smitherman's supervisors.

(24)  On May 5, 2006 the Plaintiff submitted a memorandum to Dr. John Stewart, the Defendant's Superintendent which describing the harassment and retaliation experienced by the Plaintiff.

(25)  On May 9, 2006, the Plaintiff submitted a letter of grievance to Dr. Stewart regarding the

harassment and retaliation she was experiencing.

(26) On May 15, 2006, Ms. Carr was placed on administrative leave with pay because of her complaints regarding Ms. Smitherman.

(27) Ms. Carr was never given a copy of the documents placed in her personnel file regarding her discipline and termination as required by the laws under Ala. Code § 36-26-27.1.

(28) On May 15, 2006, Attorney Dudley Perry, counsel for the Department of Youth Services, personally handed Ms. Carr a letter giving her only one day to report to a fact finding hearing complaints made against Ms. Carr by Supervisor Smitherman.

(29) On June 27, 2006, the Plaintiff received a letter terminating her employment.

(30) Ms. Carr was terminated in retaliation for complaining of race discrimination on her job and for having filed an EEOC charge in March 2005.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests the entry of judgment against defendant ADYS for violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq. as amended, pursuant to an Order by which the Court:

    (a) awards compensatory damages;

    (b) awards injunctive relief, including backpay;

    (c) reinstatement;

    (d) awards that relief which is fair, reasonable and just;

    (e) awards a reasonable attorney's fee;

    (f) awards prejudgment interest; and

    (g) taxes costs against said defendants.

**THE PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

_____  
Ruby Carr, Plaintiff

_____  
Guy D. Chappell III  
**ATTORNEY FOR THE PLAINTIFF**

**OF COUNSEL**:  
**GUY D. CHAPPELL III, P.C.**  
3100 Independence Drive; Suite 200  
Birmingham, AL 35209  
*phone:* (205) 871-7979  
*fax:* (205) 871-7175

**DEFENDANT TO BE SERVED:**

**ALABAMA DEPARTMENT OF YOUTH SERVICES**  
**Post Office Box 66**  
**Mt. Meigs, Alabama 36057**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA [X] EEOC | 420-2007-01091 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) Ruby H. Carr | HOME TELEPHONE (Include Area Code) (334) 864-0576 |
|---|---|
| STREET ADDRESS 5211 County Road 28 | CITY, STATE AND ZIP CODE Lafayette, AL 36862 | DATE OF BIRTH 06-22-1965 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| NAME Alabama Department of Youth Services | NUMBER OF EMPLOYEES, MEMBERS 500+ | TELEPHONE (Include Area Code) (334) 215-3807 |
|---|---|---|
| STREET ADDRESS 100 Industrial Road | CITY, STATE AND ZIP CODE Mt. Meigs, AL 36057 | COUNTY Montgomery |
| NAME | | TELEPHONE (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY DEC - 8 2006 |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN [X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER *(Specify)* | Earliest         Latest                        6/23/2006 [ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I am an African American female citizen of the United States. I was employed with the Alabama Department of Youth Services for seven years as a Youth Services Aide until my unlawful termination on June 23, 2006. The reasons given for my termination were "failure to perform properly, insubordination and disruptive conduct. I believe that my termination was in retaliation for me filing a prior EEOC charge in March 2005 (130-2005-01900) and the settlement of same in October 2005.

In March, 2005, I filed a Charge of Discrimination based on race and sex discrimination and retaliation against Respondent. At the time of my filing, Tracy Smitherman, a white female, was my supervisor. She remained my supervisor until June 23, 2006. As a result of that charge, I entered into a negotiated Settlement Agreement ("Agreement") with Respondent in October, 2005. I believed that the terms of the Agreement

CONTINUED ON THE NEXT PAGE

| [ ] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| I declare under penalty of perjury that the foregoing is true and correct. Date Dec. 7, 2006  Ruby H. Carr (Charging Party (Signature) | SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EOC Form 5 (Test 10/94)

Exhibit "A"

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Ruby H. Carr<br>5211 County Road 28<br>Lafayette, AL 36862 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2007 01091 | Rita W. Sterling, Investigator | (205) 212-2060 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[x] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Delner Franklin-Thomas* (signature)

3-20-07

Enclosures(s)

**Delner Franklin-Thomas**
**District Director**

(Date Mailed)

cc: Marcia Woodham, Esquire
SABEL & SABLE, PC
Walter Wood, Executive Director
ALABAMA DEPT. OF YOUTH SERVICES
T. Dudley Perry, Jr., Deputy Attorney General
ALABAMA DEPT. OF YOUTH SERVICES

Exhibit "B"