## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| RUBY CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: 2:07cv532-MHT |
| vs. | ) | |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| HEALTH SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COMES NOW the plaintiff, Ruby Carr, and respectfully requests that this Court deny Defendant's Motion to Dismiss, and as grounds in support, shows the following:

1.      Plaintiff's Complaint alleges causes of action arising from defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. Plaintiff also intends to amend the complaint to allege state law claims, including but not limited to, Breach of Contract. This Court has jurisdiction of Ms. Carr's claims under 28 U.S.C. §§ 1331 and 1343(a). Plaintiff's claims are also authorized by 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. Rule 57. Plaintiff's Complaint is properly before this court.

2.      Defendant raises in its Motion To Dismiss its allegation that "(p)laintiff's Complaint fails to state a claim upon which relief can be granted".[1] This allegation is due to be denied. Plaintiff's Complaint meets the "notice pleading" requirements of Fed. R.

_____
[1]In the event defendants file any evidence in attempts to support their Motion after this Response is filed with the Court, plaintiff respectfully requests the right to file a response to any such new evidence which is not presently before this Court.

Civ. P. Rule 8 whereby pleadings must contain only short and plain statements sufficient to put the defendant on notice of the claims against them.  See, <u>Sams v. United Food and Commercial Workers International Union</u>, 866 F.2d 1380, 1384 (11th Cir. 1989) (complaint need not specify in detail precise theory of recovery, but must put opponents on notice of claims or defenses asserted); <u>Little v. City of North Miami</u>, 805 F.2d 962, 969 (11th Cir. 1986) (complaint which stated that the defendant degraded the plaintiff was adequate to plead a claim of injury to business reputation).  Courts have liberally interpreted Fed. R. Civ. P. Rule 8 to require that a plaintiff be given an opportunity to proceed even if his or her claim is "inartfully stated". <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 604 (5th Cir. 1981).

3.      Defendant has failed to meet its burden for dismissal of plaintiff's Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6).  The dismissal of a lawsuit pursuant to Fed. R. Civ. P. Rule 12(b)(6) shall **only** be granted if the plaintiff can prove no set of facts consistent with the allegations which can entitle plaintiff to relief.  <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 101-102 (1957); <u>Stone Mountain Game Ranch, Inc. v. Hunt</u>, 746 F.2d 761, 763, n. 4 (11th Cir. 1984); <u>Cook & Nichol, Inc. v. Plimsoll Club</u>, 451 F.2d 505, 506 (5th Cir. 1971).  Ms. Carr's claim of retaliation under Title VII does state a proper claim and should not be denied under Rule 12(b)(6).  The Defendant claims that the complaint deals with time barred discreet acts, on the contrary her claim shows a myriad of background evidence that substantiates that she was terminated on June 27, 2007 because of her previous EEOC Charge in 2005 and the settlement agreement that the parties reached regarding that charge in October 2005.  Moreover, Ms. Carr's complaint states she made internal complaints of discrimination in a letter to her supervisor on April 7, 2006 and

further internal complaints of the harassment and retaliation she was experiencing on May 5, 2006. This was less than two (2) months prior to her termination. The defendant has no basis to argue that the plaintiff's claim is frivolous or that a claim has not been presented.

4.    While the defendant attempts to limit the claims raised in the complaint by stating that Ms. Carr failed to exhaust administrative remedies, this court has long held to the standard of <u>Sanchez v. Standard Brands, Inc.</u>, 431 F. 2d 455, 465 (5th Cir 1970)[2]. In <u>Sanchez</u>, the plaintiff was allowed to claim facts in her complaint that were not in her EEOC Charge. The Sanchez Court explained that the allegations contained in the complaint were a "mere clarification and amplification of the original charge." <u>Sanchez</u>, 431 F. 2d at 465. Likewise in the instant case, Ms. Carr complained of some instances of race discrimination and retaliation in her timely filed EEOC Charge and should be allowed to expound on this unlawful treatment in her complaint before this Court.

5.    The defendant further claims that there is no present violation on which to base a continuing violation theory. That is untrue. The complaint clearly states that the defendant retaliated against Ms. Carr when it terminated her. That unlawful termination was timely addressed by filing an EEOC Charge within 180 days of the date of the termination. Further, the plaintiff filed a complaint timely, within 90 days, of the issuance of the notice of rights letter by the EEOC to her. The facts in the complaint show that the retaliation was based on both the previous EEOC charge and settlement she had reached with the defendant and the current internal complaints of race discrimination and retaliation.

---

[2]In *Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981)* (en banc), the eleventh circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

6.      The defendant also asks this Court to believe that no nexus existed between the protected conduct and Ms. Carr's discharge.  This is preposterous.  The plaintiff clearly specified internal complaints of racial discrimination and retaliation in both April 2006 and May 2006.  These occurred just prior to her being placed on administrative leave on May, 15, 2006 and receiving notice of her termination on June 27, 2006.  Clearly, for purposes of stating a claim, Ms. Carr has met her burden.

WHEREFORE, premises considered, the plaintiff respectfully requests that this Honorable Court deny the defendant's Motion to Dismiss, and Order the defendant to file its Answer to plaintiff's Complaint.

Respectfully Submitted,


  s/Guy D. Chappell III___
Guy D. Chappell III
AL State Bar No.:      ASB-2110-L74G

**OF COUNSEL:**

GUY D. CHAPPELL III, P.C.
3100 Independence Drive
Birmingham, AL 35209
Phone (205) 871-7979
Fax (205) 871-7175
Email: gdclawusdc@chappelllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September 2007, I electronically filed the foregoing **Response to Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>T. Dudley Perry, Jr.
>Deputy Attorney General
>Alabama Department of Youth Services
>dudley.perry@dys.alabama.gov

>_s/Guy D. Chappell III_
>Of Counsel