IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| RUBY CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| ) | 2:07cv532-MHT |
| v. ) | |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| YOUTH SERVICES, ) | |
| ) | |
| Defendant. ) | |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for plaintiff and counsel for defendant submit this report of their planning meeting held on September 27, 2007.

1.   The meeting was attended by: Guy D. Chappell, III, Esq. for the Plaintiff, Ruby Carr, and T. Dudley Perry, Jr., Esq. for the Defendant Department of Youth Services.

### PLAINTIFF'S NARRATIVE STATEMENT:

Ms Carr, an African-American female, worked for the Defendant for approximately 7 years performing clerical and administrative assistant duties. In March 2005, she filed a claim of racial discrimination against the Defendant and that claim was resolved through mediation and a settlement agreement on October 2005. After the resolution of her claim, Ms. Carr experienced further discrimination by her Caucasian supervisor, Tracy Smitherman. This discrimination occurred until the time she was terminated in June 2006. On April 7, 2006, Ms. Carr filed a racial discrimination grievance to Ms. Smitherman. Ms. Carr experienced further discrimination and retaliation and made further complaints regarding the racially discriminatory treatment she was

experiencing. On May 5, 2006 and May 9, 2006 the Plaintiff complained of the discrimination and retaliation to Dr. John Stewart, Ms. Smitherman's direct supervisor and the Defendant's Superintendent. The Defendant continued to retaliate against Ms. Carr for filing her internal grievance and on May 15, 2006 placed her on administrative leave with pay which culminated in her receiving a letter of termination on June 27, 2006. The defendant has breached the settlement agreement it reached with Ms. Carr and has terminated her in retaliation of her complaints of racial discrimination.

### DEFENDANT'S NARRATIVE STATEMENT:

The Department of Youth Services alleges that the defendant failed to state a cause of action on which relief could be granted, that the charge alleges time barred acts, that the Plaintiff failed to exhaust administrative remedies, that there was no present violation, and that there is no nexus between a protected activity and any alleged retaliatory action. In addition, the Department of Youth Services alleges that it is entitled to sovereign, Eleventh Amendment and State immunity, and is not liable under the theory of respondeat superior. Moreover, the Department claims that the allegations of retaliation are frivolous and could not have been filed in good faith.

2. This jury action should be ready for trial by August 31, 2008, and at this time, is expected to take approximately three days.

3. The parties request a pretrial conference on July 31, 2008.

4. **DISCOVERY PLAN**: The parties jointly propose to the Court the following discovery plan:

   a) Discovery will be needed on the following subjects:

   The factual allegations brought by Plaintiff against the Department of

        Youth Services; immunity issues for the Defendants. Plaintiff and Defendant will conduct discovery on all other issues relevant to their claims and defenses.

    b) All discovery shall be completed within 60 days following the dispositive motion deadline, or by June 30, 2008.

5. **INITIAL DISCLOSURES**: The parties will exchange by November 16, 2007, information requested by Fed.R.Civ.P. 26(a)(1).

6. The parties request until November 16, 2007, to join additional parties and amend the pleadings.

7. **REPORTS FROM RETAINED EXPERTS UNDER RULE 26(a)(2) DUE**:

    By the Plaintiff: January 31, 2008.

    By the Defendants: February 29, 2008.

8. **PRETRIAL DISCLOSURES**: Final lists of witnesses and exhibits under Rule 26(a)(3) due by July 15, 2008.

9. **DISCOVERY LIMITS**:

    a) The Defendants propose a maximum of thirty (30) interrogatories by each party to any other party. Responses due thirty (30) days after service.

    The Plaintiff proposes a maximum of thirty (30) interrogatories by each party to any other party. Responses due thirty (30) days after service.

    b) Maximum of ten depositions by Plaintiff and ten by the Defendant. Each deposition limited to a maximum of seven (7) hours unless extended by agreement of the parties.

    c) Maximum of thirty (30) requests for admission by each party to any other

        party. Responses due thirty (30) days after service.

d) <u>The Defendants propose</u> a maximum of thirty (30) requests for production of documents by each party to any other party. Responses due thirty (30) days after service.

<u>The Plaintiff proposes</u> a maximum of thirty (30) requests for production of documents by each party to any other party. Responses due thirty (30) days after service.

10. All potentially dispositive motions filed by April 30, 2008.

11. Parties have not determined the viability of settlement at this time.

        Respectfully submitted

        **/s Guy D. Chappell III**
        Guy D. Chappell III
        Attorney At Law
        3100 Independence Drive, Suite 200
        Birmingham, AL 35209
        Telephone: (205) 871-7979
        Facsimile: (205) 871-7175
        E-mail: gdclawusdc@chappelllaw.com

        TROY KING
        ATTORNEY GENERAL

        **s/ T. Dudley Perry, Jr.**
        T. Dudley Perry, Jr. (PER-034)
        Deputy Attorney General
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: (334) 215-3803
        Fax: (334) 215-3872
        E-Mail: dudley.perry@dys.alabama.gov