IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RUBY CARR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| vs. ) | |
| ) | **2:07cv532-MHT** |
| ) | |
| **ALABAMA DEPARTMENT OF YOUTH** ) | |
| **SERVICES** ) | |
| ) | |
| **Defendant.** ) | |

**MOTION TO ADD PARTIES AND AMEND COMPLAINT**

**COMES NOW,** the plaintiff and requests this Honorable Court allow the plaintiff to add parties and amend the complaint pursuant to the scheduling order requiring the parties to request the adding of parties and claims by the date of November 16, 2007.  As grounds for this motion the plaintiff states as follows:

1. The plaintiff is filing this motion within the time allowed by the Court's scheduling order.

2. The plaintiff has identified additional parties and claims that should be added to her lawsuit and attaches as Exhibit A the Amended Complaint.

3. The plaintiff requests an order from this Honorable Court allowing the Amended Complaint attached as Exhibit A to be filed into the record of

this Honorable Court and allowing the service of the parties identified in the amended complaint.

**WHEREFORE PREMISES CONSIDERED,** the plaintiff requests that this Honorable Court issue an order allowing the amended complaint to be filed into the record and allowing the Plaintiff to serve the additional parties listed in the complaint.

　　s/Guy D. Chappell III     -
Guy D. Chappell III
**ATTORNEY FOR THE PLAINTIFF**

**OF COUNSEL**:
**GUY D. CHAPPELL III, P.C.**
3100 Independence Drive; Suite 200
Birmingham, AL  35209
*phone:*	(205) 871-7979
*fax:*	(205) 871-7175


**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November 2007, I electronically filed the foregoing Motion to Amend Complaint with the clerk of the court using the CM/ECF system which will send notification of such filing to the following:

　　T. Dudley Perry, Jr.
　　Deputy Attorney General
　　Alabama Department of Youth Services
　　dudley.perry@dys.alabama.gov

　　　　　　　　　　　　　　　　　　s/Guy D. Chappell III
　　　　　　　　　　　　　　　　　　Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RUBY CARR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | <u>2:07cv532-MHT</u> |
| **STATE OF ALABAMA DEPARTMENT** ) | |
| **OF YOUTH SERVICES; J. WALTER** ) | |
| **WOOD, JR., INDIVIDUALLY AND AS** ) | |
| **EXECUTIVE DIRECTOR OF THE** ) | |
| **ALABAMA DEPARTMENT OF YOUTH** ) | |
| **SERVICES; TROY KING AS ATTORNEY** ) | |
| **GENERAL OF THE STATE OF** ) | |
| **ALABAMA; T. DUDLEY PERRY JR.,** ) | |
| **INDIVIDUALLY AND IN HIS OFFICIAL** ) | |
| **CAPACITY AS, DEPUTY ATTORNEY** ) | |
| **GENERAL; AND TRACY SMITHERMAN,** ) | |
| **INDIVIDUALLY** ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

### Jurisdiction and Venue

1.      This is a suit for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983 and for state violations of breach of contract.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343 (4) and 28 U.S.C. § 2201 and 2202.

3.     The unlawful employment practices and acts of retaliation about which plaintiff complains were committed within the State of Alabama.

### Parties

4.     The plaintiff, RUBY H. CARR, is over 19 years of age and is an African-American female resident of the State of Alabama.

5.     Defendant, ALABAMA DEPARTMENT OF YOUTH SERVICES, is a Department of the State of Alabama and was the plaintiff's employer.

6.     Defendant, J. WALTER WOOD, JR., is an individual residing in the State of Alabama and is also Director of the ALABAMA DEPARTMENT OF YOUTH SERVICES ("ADYS"), who is the officer responsible for the administration of the Department of Youth Services which is a Department of the State of Alabama and was acting under color of state law.

7.     Defendant TROY KING, is the attorney general of the State of Alabama.

8.     Defendant T. DUDLEY PERRY is an individual and is employed by the State of Alabama, had decision making authority over the plaintiff and made decisions regarding the plaintiff's employment and acted at times acted as agent for the defendant as Deputy Attorney General of ADYS.

9.     Defendant TRACY SMITHERMAN is an individual and is employed by the State of Alabama and was the plaintiff's direct supervisor.

## Administrative Remedies

10.  The plaintiff filed a Charge of Discrimination for Retaliation (No. 420 2007 01091) with the Equal Employment Opportunity Commission on December 8, 2006, within 180 days of the acts of retaliation of which she complains (See Exhibit A).

11.  The plaintiff received a Notice of Right to Sue from the EEOC on or about March 21, 2007, which Notice was dated March 20, 2007, (See Exhibit B).

12.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## Factual Allegations

13.  The plaintiff, Ms. Carr, began her employment with ADYS on June 7, 1999.

14.  Ms. Carr worked as an administrator for ADYS performing several administrative duties, including but not limited to, maintaining property inventory reports, federal program purchasing, expenditures and material receipts for seven (7) accounts, typing assignments, and preparing and filing paperwork, and among other duties created a telephone directory and brochure for DYS School district.

15.  In March 2005, Ms. Carr filed a charge of race discrimination (No. 130 2005 01900) against the Defendant with the Equal Employment Opportunity Commission.

16.  Her supervisor was Tracy Smitherman.

17.  In October 2005, Ms. Carr and the Defendant reached an agreement

regarding the March 2005 EEOC charge.

18. After October 2005, the Defendant kept the Plaintiff under the same supervisor, Tracy Smitherman.

19. Ms. Smitherman began to retaliate against the Plaintiff by treating her different than the other employees.

20. Ms. Smitherman did not provide certain office equipment to the Plaintiff that she provided to other employees.

21. Ms. Smitherman disciplined the Plaintiff more harshly than other employees.

22. Ms. Smitherman periodically assigned Ms. Carr to assist Caucasian employees who needed or requested assistance with their work. Ms. Smitherman specifically told Ms. Carr not to assist African-American employees who needed assistance with their work.

23. Ms. Carr complained to Ms. Smitherman regarding the inappropriate and retaliatory treatment of Ms. Carr.

24. Ms. Smitherman intensified her retaliatory conduct.

25. On March 20, 2006, the Plaintiff received a satisfactory review. No negative comments were made by her supervisor with regard to this review.

26. In March 2006, days after her review, the Plaintiff's tires on her vehicle were deliberately cut in such a way that the Plaintiff could have been caused bodily harm and the tire could not be repaired, but had to be replaced.

27. On April 7, 2006, Ms. Carr filed a formal letter of grievance to her

supervisor, Smitherman which described some of the retaliation and discrimination she was experiencing.

28. Between April 7, 2006 and May 5, 2006, Supervisor Smitherman intensified her retaliation against Ms. Carr by treating her differently than other employees and by making complaints about her work performance to Smitherman's supervisors.

29. On May 5, 2006 the Plaintiff submitted a memorandum to Dr. John Stewart, the Defendant's Superintendent which describing the harassment and retaliation experienced by the Plaintiff.

30. On May 9, 2006, the Plaintiff submitted a letter of grievance to Dr. Stewart regarding the harassment and retaliation she was experiencing.

31. On May 15, 2006, Ms. Carr was placed on administrative leave with pay because of her complaints regarding Ms. Smitherman.

32. Ms. Carr was never given a copy of the documents placed in her personnel file regarding her discipline and termination as required by the laws under Ala. Code § 36-26-27.1.

33. On May 15, 2006, Attorney Dudley Perry, counsel for the Department of Youth Services, personally handed Ms. Carr a letter giving her only one day to report to a fact finding hearing complaints made against Ms. Carr by Supervisor Smitherman.

34. On June 27, 2006, the Plaintiff received a letter terminating her employment.

# **COUNT I**

## **RACE DISCRIMINATION AND RETALIATION**
## **Title VII**

35.     Ms. Carr adopts and incorporates all of the above allegations in support of her claims.

36.     Ms. Carr was terminated by Defendant Alabama Department of Youth Services and its Executive Director, J. Walter Wood, Jr acting in his individual capacity, in retaliation for complaining of race discrimination on her job and for having filed an EEOC charge in March 2005 in violation of Title VII of the Civil Rights Act.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests the entry of judgment against defendants ADYS and J. Walter Wood, Jr. as Executive Director of ADYS, for violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq. as amended, pursuant to an Order by which the Court:

    (a)     awards compensatory damages;

    (b)     awards injunctive relief, including backpay;

    (c)     reinstatement;

    (d)     awards that relief which is fair, reasonable and just;

    (e)     awards a reasonable attorney's fee;

    (f)     awards prejudgment interest; and

 (g) taxes costs against said defendants.

## COUNT II

## RACE DISCRIMINATION AND RETALIATION
## 42 U.S.C. § 1981

37. Ms. Carr adopts and incorporates all of the above allegations in support of her claims.

38. Ms. Carr was terminated by Defendant Alabama Department of Youth Services and its Executive Director, J. Walter Wood, Jr acting in his individual capacity, in retaliation for complaining of race discrimination on her job and for having filed an EEOC charge in March 2005 in violation of 42 U.S.C. § 1981.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests the entry of judgment against defendant ADYS and J. Walter Wood, Jr., as Executive Director of ADYS for violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq. as amended, pursuant to an Order by which the Court:

 (a) awards compensatory damages;

 (b) awards injunctive relief, including backpay;

 (c) reinstatement;

 (d) awards that relief which is fair, reasonable and just;

 (e) awards a reasonable attorney's fee;

  (f) awards prejudgment interest; and

  (g) taxes costs against said defendants.

## COUNT III

## RACE DISCRIMINATION AND RETALIATION – 14TH AMENDMENT VIOLATION OF EQUAL PROTECTION

## 42 U.S.C. § 1983

39. Ms. Carr adopts and incorporates all of the above allegations in support of her claims.

40. Ms. Carr was entitled to equal protection under the laws of the United States of America under the Fourteenth Amendment.

41. Ms. Carr as an African American should have received equal protection in the manner in which she was disciplined, terminated, and otherwise treated with respect to her job.

42. Ms. Carr was not afforded the same treatment that white employees were afforded with respect to the way her supervisor treated her on her job.

43. Ms. Carr complained to the Defendant's Director, J. Walter Wood, Jr. and nothing was done to alleviate the racially discriminatory treatment against her.

44. Ms. Carr was only given one day to prepare for a hearing regarding complaints by her supervisor against Ms. Carr. Said complaints were retaliatory in nature because Ms. Carr had complained of racially discriminatory treatment on her

job to her supervisor and to the Department Head, J. Walter Wood, Jr. Caucasian employees and employees that have not made racial discrimination complaints against the defendant have been given more time to address complaints made against them.

45. During plaintiff's employment, Defendant Dudley Perry, made statements concerning his intention to retaliate against Ms. Carr.

46. The defendants were acting under color of state law when they suspended and terminated Ms. Carr in violation of her rights of equal protection under the Fourteenth Amendment.

47. The defendants' actions served to deprive Ms. Carr of her Fourteenth Amendment rights.

48. The defendants' actions violated clearly established law.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests the entry of judgment against defendants ADYS, J. Walter Woods individually and as Executive Director of ADYS, T. Dudley Perry, Individually and Tracy Smitherman, Individually for violation of 42 U.S.C. § 1983 pursuant to an Order by which the Court:

    (a)    awards compensatory damages;

    (b)    awards injunctive relief, including backpay;

    (c)    reinstatement;

  (d) awards that relief which is fair, reasonable and just;

  (e) awards a reasonable attorney's fee;

  (f) awards prejudgment interest; and

  (g) taxes costs against said defendants.

## COUNT IV

## BREACH OF CONTRACT

49. Ms. Carr adopts and incorporates all of the above allegations in support of her claims.

50. The defendant ADYS entered into a settlement agreement regarding previous claims of race discrimination by the Defendant ADYS against the Plaintiff.

51. The defendant breached provisions of this agreement in that it failed to remove disciplinary records from her file and it failed to remove reprimands for acts of insubordination from her file as it agreed to do in the settlement agreement.

52. These provisions were used against Ms. Carr in regard to her termination

53. The defendant also failed to permanently reassign her to a position in the Department of Youth Services District 210 as agreed in the settlement agreement.

54. The defendant also created a contract with the plaintiff when it agreed to give her a permanent position with the Department of Youth Services and failed to honor that agreement when it terminated her.

55.   The agreement was signed by T. Dudley Perry, Jr., Deputy Attorney General of the ADYS.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests the entry of judgment against defendants ADYS, J. Walter Woods individually and as Executive Director of ADYS, and T. Dudley Perry, Individually for breach of contract pursuant to an Order by which the Court:

  (a) awards compensatory damages;

  (b) awards injunctive relief, including backpay;

  (c) reinstatement;

  (d) awards that relief which is fair, reasonable and just;

  (e) awards a reasonable attorney's fee;

  (f) awards prejudgment interest; and

  (g) taxes costs against said defendants.

**THE PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

  s/Guy D. Chappell III -
Guy D. Chappell III
**ATTORNEY FOR THE PLAINTIFF**

**OF COUNSEL**:
**GUY D. CHAPPELL III, P.C.**
3100 Independence Drive; Suite 200
Birmingham, AL  35209
*phone:*       (205) 871-7979
*fax:*   (205) 871-7175

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November 2007, I electronically filed the foregoing Motion to Amend Complaint with the clerk of the court using the CM/ECF system which will send notification of such filing to the following:

> T. Dudley Perry, Jr.
> Deputy Attorney General
> Alabama Department of Youth Services
> dudley.perry@dys.alabama.gov

>                    s/Guy D. Chappell III
>                    Of Counsel

**DEFENDANTS TO BE SERVED:**

**ALABAMA DEPARTMENT OF YOUTH SERVICES**
**Post Office Box 66**
**Mt. Meigs, Alabama  36057**

**J. WALTER WOOD, JR. INDIVIDUALLY AND AS EXECUTIVE DIRECTOR OF ALABAMA DEPARTMENT OF YOUTH SERVICES**
**Post Office Box 66**
**Mt. Meigs, Alabama  36057**

**T. DUDLEY PERRY, JR. INDIVIDUALLY AND AS DEPUTY ATTORNEY GENERAL OF ALABAMA DEPARTMENT OF YOUTH SERVICES**
**Post Office Box 66**
**Mt. Meigs, Alabama  36057**

**TRACY SMITHERMAN**
Post Office Box 66
Mt. Meigs, Alabama  36057


**TROY KING, ATTORNEY GENERAL**
Alabama State House
11 South Union Street, 3d Floor
Montgomery, Alabama 36130