IN THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RUBY CARR,                            )
                                      )
        Plaintiff                     )
                                      )    CV-2:07cv532-MHT
vs.                                   )
                                      )
STATE OF ALABAMA DEPARTMENT           )
OF YOUTH SERVICES, ET AL.             )

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS

    **COMES NOW** the Plaintiff in response to Defendants' motion to dismiss and requests this Court deny the Defendants motion.  Plaintiff states the following:

UNDISPUTED FACTUAL ALLEGATIONS[1]

1.    Ruby Carr was employed by the State Department of Youth Services ("DYS") from June 7, 1999 to June 27, 2006.

2.    Carr was employed as an administrator for DYS.  Her job duties included inventory reporting, federal program purchasing and maintaining receipts, typing, filing paperwork, and other tasks.

3.    Carr filed a charge of race discrimination in March 2005 with the EEOC.

4.    Carr and DYS reached an agreement as to her discrimination claim in October 2005, including her continued employment with DYS on a permanent basis.

5.    After the agreement, Carr continued to receive discriminatory treatment from her supervisor, but received a satisfactory review in March 2006.

---

[1] Plaintiff incorporates all factual allegations made in the Complaint into this response and also incorporates her previous response to the Defendant's First Motion to Dismiss.

**6.**     Carr's tires were slashed days after her review

**7.**     In April 2006, Carr filed a formal grievance with her supervisor, Tracy

Smitherman.

**8.**     Smitherman continued to discriminate against Carr.

**9.**     Carr submitted a grievance letter to the DYS Superintendent, John

Stewart in May 2006.

**10.**     DYS placed Carr on administrative leave.

**11.**     Carr was never given a copy of the documents in her personnel file related

to her discipline and termination.

**12.**     Carr received her letter of termination on June 27, 2006.

## ARGUMENT

**I.**     **Standard of Review**

The Defendants' burden on a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss,

is to show no set of facts under which Plaintiff Carr may recover for each cause of action

she alleged. *See Bell Altantic Corp. v. Twombly,* __ U.S. ___, 127 S.Ct. 1955, 1969

(2007) (holding that an adequately stated claim will surive a motion to dismiss if it is

supported by factual allegations consistent with the complaint). This Court must accept

all of Plaintiff Carr's allegations as true when reviewing the Defendants' motion to

dismiss. *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984).

Carr asserted four claims; (1) race discrimination and retaliation under Title VII;

(2) race discrimination and retaliation under §1981; (3) race discrimination and retaliation

under § 1983; and (4) breach of contract under Alabama state law. Carr has alleged facts

consistent with these four claims; therefore, this Court should deny Defendants' motion

to dismiss.

II.        **Sovereign immunity is not applicable**

The Defendants argue that Carr's claims are precluded by the sovereign immunity protection provided by the Eleventh Amendment of the United States Constitution. Carr argues that each claim she presented against each defendant states a valid claim and is not precluded by sovereign immunity.

A.                **Title VII Claim**

Sovereign immunity does not protect a state from a discrimination lawsuit based on Title VII, 42 U.S.C. § 2000e et seq. *In re Employment Discrimination Litig. Against the State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999). By enacting Title VII, Congress unequivocally abrogated a state's sovereign immunity for discrimination claims. *Id.*

Carr states a valid claim under Title VII. Title VII prohibits discrimination based upon race in hiring, firing, compensating, and other terms and conditions of employment. 42 U.S.C. § 2000e-2(a)(1). Circumstantial evidence creating inferences of discrimination will support a Title VII claim. *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir.2000).

Carr alleged in her complaint several instances of racial discrimination by her supervisor, Tracy Smitherman. Carr alleged that Smitherman retaliated against her for filing a discrimination complaint with the EEOC. She alleged that Smitherman did not provide necessary office equipment for Carr, which was provided for other employees. She also alleged that Smitherman instructed her to assist Caucasian employees when asked but not to assist African-American employees. Carr alleged other instances of retaliation and race discrimination and even states that someone slashed her tires after her review. Therefore, Carr has stated a valid Title VII claim for race discrimination and retaliation and this Court should deny the Defendants' motion to dismiss.

**B.**                     **Section 1981 claim and Section 1983 claim**

The elements for actionable racial discrimination under § 1981 and § 1983 are identical to a Title VII claim alleging racial discrimination.  *Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1998).  As stated above, Carr has stated allegations supporting a racial discrimination claim; therefore, this Court should deny the Defendants' motion to dismiss as to her § 1981 and § 1983 claims.

The Defendants argue that sovereign immunity bars Carr's §§ 1981 and 1983 claims.  Intentional discriminatory actions by state officers are not protected by sovereign immunity.  *Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1321 (11th Cir. 2000).  Carr's allegations are based upon  the defendants' intentional discriminatory actions; therefore, sovereign immunity does not preclude these claims.  This Court should deny the Defendants' motion to dismiss.

**C.**                     **Breach of Contract**

Carr's last claim is a claim alleging breach of contract.  The elements of a breach of contract claim under Alabama law are; (1) valid contract; (2) Carr's performance under the contract; (3) DYS's non-performance; and (4) damages.  *Southern Med. Health System, Inc. v. Vaughn,* 669 So. 2d 96, 98 (Ala. 1995).  Carr's allegations address each element.  Carr alleges that the settlement agreement between her and DYS is a valid contract because it is signed by Defendant Perry, Deputy Attorney General of the DYS.  Furthermore, Carr alleges that she complied with the settlement agreement by returning to work for DYS.  Carr alleges DYS breached the agreement by not reassigning her to a different supervisor  and by terminating her employment; Carr alleges that the settlement agreement requires DYS to give her a "permanent" position, which would prevent DYS from terminating her employment.

4

The Defendants cannot rely on sovereign immunity to preclude Carr's breach of contract claim. A state agency has no immunity to protect it from enforcement of a legally enforceable contract it agreed to enter. *Pan-Am Tobacco Corp. v. Dep't of Corrections,* 471 So. 2d 4, 5 (Fla. 1984). As stated above, Carr has alleged a valid contract and has alleged the Defendants' breach of that contract. Therefore, this Court should deny Defendants' motion to dismiss the breach of contract claim.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Carr respectfully requests this Court to deny the Defendants' motion to dismiss and allow her claims to proceed for further evidence and discovery.

/s/Guy D. Chappell III
Guy D. Chappell III
**ATTORNEY FOR
PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of February 2008, I electronically filed the foregoing Response to Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Frederic Allen Bolling
Thomas Means Gillis & Seay PC
Post Office Drawer 11365
Birmingham, Alabama 35202-1365
fabolling@tmgpc.com

Henry Lewis Gillis
Thomas Means Gillis & Seay PC
Post Office Drawer 5058
Montgomery, Alabama 36103-5058
hlgillis@tmgpc.com, lksteele@tmgpc.com

Roslyn Crews
Thomas Means Gillis & Seay PA
Post Office Drawer 11365
Birmingham, Alabama 35202-1365

Mark Seymour Boardman
BOARDMAN, CARR, HUTCHESON
& BENNETT, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
mboardman@boardmancarr.com, mail @ boardmancarr.com

Elizabeth Dianne Gamble
BOARDMAN, CARR, HUTCHESON
& BENNETT, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
dgamble@boardmancarr.com, mail@boardmancarr.com

Thornton Dudley Perry, Jr.
Alabama Department of Youth
Services
Post Office Box 66
Mt. Meigs, Alabama 36057
dudley.perry@dys.alabama.gov

Done this the 29th day of February, 2008.

/s/Guy D. Chappell III
Of Counsel