# IN THE UNITED STATES DISTRICT COURT
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **RUBY CARR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **STATE OF ALABAMA DEPARTMENT** | ) | **2:07cv532-MHT** |
| **OF YOUTH SERVICES; J. WALTER** | ) | |
| **WOOD, Jr., individually and as Executive** | ) | |
| **Director of the Alabama Department of** | ) | |
| **Youth Services; TROY KING, as Attorney** | ) | |
| **General of the State of Alabama; T.** | ) | |
| **DUDLEY PERRY JR., Individually and in** | ) | |
| **his capacity as Deputy Attorney General;** | ) | |
| **and TRACY SMITHERMAN,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | | |

---

## DEFENDANT SMITHERMAN'S SUPPLEMENTAL BRIEF
## TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

**COMES NOW** defendant, Tracy Smitherman, and submits the following

*Supplemental Brief* in support of *Motion for Summary Judgment*. Defendant

Smitherman adopts and incorporates by reference, the defendants' *Motion for*

*Summary Judgment*, *Memorandum Brief in Support of Defendants' Motion for*

*Summary Judgment*, and *Narrative Summary of Undisputed Facts* as if the same were

set forth fully herein. In support thereof, Smitherman states as follows:

## Summary Judgment Standard

The moving party is entitled to summary judgment when the pleadings and evidence show that there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).* "The mere existence of some alleged factual dispute between the parties will not defeat summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). To prevail on summary judgment, a movant must demonstrate that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c).* After the movant succeeds in making the required showing, the nonmoving party must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. 242, 256-57. The plaintiffs may not simply rest upon the allegations or denials contained in the pleadings. *Id.*

The non-moving party is required to present substantial evidence. Substantial evidence is evidence that is "of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might reach different conclusions." *Zaklama v. Mt. Sinai Medical Center*, 842 F.2d 291, 295 (11th Cir

1988) (citations omitted).

Most importantly, in *Chapman v. AI Transport*, 229 F.3d 1012, 1026 (11ᵗʰ Cir. 2000)(*en banc*), the Eleventh Circuit explained "that the summary judgment rule applies in job discrimination cases just as in other cases. No thumb is to be placed on either side of the scale." *Id.* at 1026.

In this case, the defendants' *Motion for Summary Judgment*, *Narrative Summary of Undisputed Facts*, *Memorandum Brief*, *Supplemental Brief* and supporting *Evidentiary Submission* clearly demonstrate that there is no genuine issue of material fact in this case. The burden now shifts to plaintiff Carr to present substantial evidence that genuine issues exist in order to defeat this motion. *Fed. R. Civ. P. 56(e)*. Plaintiff Carr cannot meet this burden. Therefore, Smitherman is entitled to summary judgment in her favor as a matter of law.

## ARGUMENT

I.   **PLAINTIFF RUBY CARR CANNOT ESTABLISH A *PRIMA FACIE* CASE OF RACE DISCRIMINATION UNDER SECTION 1983 AND THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**.

Under § 1983 Plaintiff Carr alleges race discrimination and retaliation against Tracy Smitherman. (Ct. Doc. 18, Amended Complaint, Count III). Carr may prove race discrimination through either direct or circumstantial evidence. The Eleventh Circuit has defined direct evidence of discrimination as follows:

> Evidence which reflects 'a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee.' *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999)(quoting *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641 (11th Cir. 1998)). Direct evidence is 'evidence, that, if believed proves [the] existence of [a] fact without inference or presumption.' *Burrell v. Board of Trustees of Georgia Military College*, 125 F.3d 1390, 1393 (11th Cir. 1997). As our precedent illustrates 'only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of' some impermissible fact to constitute direct evidence of discrimination. *Rojas v. Florida*, 285 F.3d 1339, 1342 n2 (11th Cir. 2002)(other citations omitted).

*Wilson*, 376 F.3d at 1086. Based upon the foregoing, plaintiff Carr neither alleges nor can offer any direct evidence of race discrimination in this case. See Ct. Doc. 18, *passim*. Thus, the plaintiff may establish a *prima facie* case of race discrimination by showing through circumstantial evidence that: (1) she belongs to a particular class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside of her class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)(citing *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003)(*per curium*). Moreover, the analysis of a racial discrimination §1983 claim is identical to that of Title VII. See *Abel v. Dubberly*, 210 F.3d 1334, 1338 (11th Cir. 2000)(holding that Title VII and Section 1983 claims have the same elements where the claims are based on the same set of facts).

The defendant concedes that plaintiff Carr is an African-American and was

terminated from her job at DYS despite being qualified for the job. However, the plaintiff can present no evidence that similarly situated employees outside of her protected class were treated more favorably.

Plaintiff Carr alleges that defendant Smitherman punished her more harshly than other employees; Carr claims she was denied certain office equipment and was required to assist Caucasian employees. However, the plaintiff has presented no evidence that similarly situated non-African-American employees were provided certain office equipment. The plaintiff has presented no evidence that similarly situated non-African-American employees were not required to assist Caucasian employees. Additionally, the plaintiff cannot establish a *prima facie* case because the plaintiff cannot present  evidence of a similarly situated non-African-American employee engaged in misconduct nearly identical to that of Ms. Carr, but was not terminated. See *Burke-Fowler v. Orange County, Florida*, 447 F.3d 1319, 1323 (11th Cir. 2006). In evaluating the plaintiff's claim of racial discrimination, this Court must examine "similarly situated" by determining whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways. *Jones v. Bessemer Carraway Medical Cntr.*, 137 F.3d 1306, 1311 (11th Cir.); *Partial Superseding Opinion on Denial of a Hearing*, 151 F.3d 131 (11th Cir. 1998). Plaintiff Carr can present no evidence of non-African-American employees who refused to

perform job duties, committed numerous severe acts of insubordination, and displayed disruptive behavior, but were not terminated. The plaintiff's *Complaint* is devoid of evidence of a similarly situated employee, and thus is insufficient to establish a *prima facie* case of race discrimination. Therefore, Smitherman is entitled to summary judgment in her favor.

As previously stated in the defendants' *Motion for Summary Judgment*, in order for the plaintiff to establish a *prima facie* case of retaliation, Carr must show: (1) she participated in a statutorily-protected activity; (2) an adverse employment action occurred; and (3) the adverse action was causally related to Carr's protected activity. See *Gregory v. Georgia Dept. of Human Services*, 355 F.3d 1277, 1279 (11th Cir. 2004). Clearly, the plaintiff cannot establish a *prima facie* case of retaliation relating to her March 2005 EEOC charge because the alleged adverse action was not causally related to the protected activity. See *Hammons v. George C. Wallace State Community College*, 174 Fed. Appx. 459, 464 (11th Cir. 2006).

Further, to the extent plaintiff Carr alleges that she was retaliated against for her complaints of discrimination and/or her letters of grievance, defendant Smitherman is still entitled to summary judgment in her favor. Plaintiff Carr has not identified the protected activity she allegedly engaged in and the causal connection between the two. Instead, Plaintiff makes the conclusory allegation that "Smitherman

intensified her retaliatory conduct." (See Ct. Doc. 18, ¶¶23-24). Such a general and

conclusory allegation will not suffice to state a retaliation claim under §1983 as it

fails to provide the Defendant with notice of the factual bases for the claim sufficient

to afford Smitherman the opportunity to compose a response to the claim.

Accordingly, Plaintiff's retaliation allegations are due to be dismissed. See, e.g.,

Thomas v. Alabama State Dept. of Mental Health & Mental Retardation, No.

2:04CV1091, 2005 WL 1389875, at *6 (M.D. Ala. June 10, 2005) ("These

conclusory and subjective [retaliation] claims provide absolutely no notice of the

factual underpinnings for this claim and accordingly, dismissal is warranted.").

Dismissal of discrimination claims is warranted where the plaintiff merely alleges in

a conclusory fashion that he was subject to discrimination because of some statutorily

protected trait. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1271

(11th Cir. 2004). *Bayer Atlantic Corp. v. Twombly,* – U.S., 127 S.Ct. 1995, 1959, 167

L.Ed.2d 929 (2007)("While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

the grounds of his entitlement to a relief requires more than labels and conclusions,

and a formulated recitation of a cause of action elements will not do."); see also

*Jenkins v. County of Hennetin, Minnesota*, Civ. No. 06-3625, 2007 W.L. 2287840,

*2 (D.Minn. Aug. 3, 2007)(plaintiff "cannot simply allege in conclusory fashion that

the state defendants sought to retaliate against him in the hope of later on covering some unknown and unalleged fact to support that conclusory assertion." ). See *Blackledge v. Ala. Dept. of Mental Health and Mental Retardation*, 2007 W.L. 3124452 (M.D. Ala. *31). For the foregoing reasons, defendant Smitherman is entitled to summary judgment.

Assuming *arguendo* that this Court finds that the plaintiff has established a *prima facie* case of retaliation, defendant Smitherman is still entitled to summary judgment because all actions taken against the plaintiff were legitimate and non-discriminatory. Under the *McDonnell-Douglas* standard, once the plaintiff has established a *prima facie* case, the burden of production then shifts to the defendant to articulate some legitimate non-discriminatory reason for the action taken against the plaintiff. *McDonell-Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. "To satisfy this intermediate burden, the employee need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Id.* The defendant need not persuade the Court that it was actually motivated by the proffered reasons. "It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether he discriminated against the plaintiff." *Id.*

In this case, Smitherman followed proper DYS procedures in addressing

plaintiff Carr's insubordination, her refusal to perform job duties and her disorderly conduct. See *Ash v. Aronov Home, Inc.*, 553, 54 F.Supp.2d 1251, 1259 (M.D. Ala. 2004)(finding that failure to follow instructions and insubordination are legitimate non-discriminatory considerations). The plaintiff claims that from April 2006 to May 2006 Smitherman retaliated against her by making complaints about her work performance. (See Ct. Doc. 18, ¶28). On April 13, 2006, Smitherman attempted to meet with Ms. Carr to address the plaintiff's alleged complaints. During the meeting, the plaintiff began yelling at Smitherman, and became argumentative and aggressive towards Smitherman and told Smitherman that she would not follow her instructions and/or directives. (See Ct. Doc. 40, Exh. 10). Later in April 2006, Smitherman again instructed the plaintiff to perform certain job duties. However, plaintiff Carr questioned the assignment as to why it had to be done on that particular occasion. Also, on April 17 and April 27, 2006, Smitherman again gave two additional job assignments to plaintiff Carr, and Carr again refused to perform the assignments. (See Ct. Doc. 40, Exh. 4). Smitherman attempted to meet with Carr to issue a written warning regarding her refusal to perform the job duties and insubordinate conduct. *Id.* Carr refused to meet with Smitherman and instructed Smitherman to put any further communications addressed to Carr in the plaintiff's mailbox. *Id.* Thus, any comments or statements regarding Carr's work performance were warranted in light

of Carr's refusal to perform her job duties and her insubordinate conduct. None of this evidence is sufficient to show that Smitherman personally engaged in any conduct that violated the plaintiff's constitutional rights to be free from intentional discrimination based upon race. Additionally, none of the actions in which Smitherman was personally involved give rise to a level sufficient to divest her of qualified immunity as previously argued in the defendants' *Motion for Summary Judgment*. Plaintiff Carr cannot rebut or dispute the legitimate non-discriminatory reasons provided by Smitherman. Thus, Smitherman is entitled to summary judgment on the plaintiff's Section 1983 retaliation claim.

## Conclusion

WHEREFORE, ABOVE PREMISES, the defendants' *Motion for Summary Judgment* and the defendants' *Motion to Dismiss* CONSIDERED, defendant Smitherman is entitled to summary judgment in her favor.

Respectfully submitted,

*/s/ E. Dianne Gamble*
E. Dianne Gamble (GAM021)
Mark S. Boardman (BOA001)
BOARDMAN, CARR, HUTCHESON
& BENNETT, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000
Facsimile:  (205) 678-0000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **July 31, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Guy Chappell, III
3100 Independence Drive, Suite 200
Birmingham, Al 35209

R. Austin Huffaker, Jr.
Rushton, Stakely, Johnston, & Garrett, P.A.
Post Office Box 270
Montgomery, AL 36101-0270

Frederic A. Bolling, Esq.
Thomas, Means, Gillis & Seay, P.C.
3121 Zelda Court
P. O. Drawer 5058
Montgomery, Alabama 36106


                                    */s/E. Dianne Gamble*
                                    Of Counsel